STEVE QI (SBN 228223)
THOMAS Z. ZHOU (SBN 292334)
388 E. Valley Blvd., Suite 200
Alhambra, CA 91801
Tel:  (626) 282-9878
Fax:  (626) 282-8968
Email: steveqi@sqilaw.com
       tomzhou@sqilaw.com

Attorneys for Plaintiff Jean Zheng and 101 Club Global, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN ZHENG, an individual; and 101 CLUB GLOBAL, INC. a California corporation, <br><br>                   Plaintiff,<br><br>     v.<br><br>NAN LI, an individual; and DOES 1 through 50, inclusive,<br><br>                   Defendants. | Case No.:2:18-cv-08387<br><br>Assigned to:<br><br>**COMPLAINT FOR**<br><br>**1. FALSE ADVERTISING UNDER 15 U.S.C. §1125(a)**<br>**2. UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §17500**<br>**3. TRADE LIBEL**<br>**4. DEFAMATION –PER SE**<br><br>**DEMAND FOR JURY TRIAL** |

**LAW OFFICE OF STEVE QI & ASSOCIATES**
388 E. Valley Blvd., Ste 200
Alhambra, CA 91801
Tel: (626) 282-9878 / Fax: (626) 282-8968

1.  Plaintiff Jean Zheng and 101 Club Global, Inc. ("Plaintiffs"), by and through their undersigned attorney, file this Complaint against Defendant Nan Li ("Defendant"), and state as follows:

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. §1331 for claims arising under §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

3.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Plaintiffs' state law claims are so closely related to Plaintiffs' claim under the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

4.  This Court also has Diversity Jurisdiction pursuant to 28 U.S.C. §1332(a). The parties are citizens of different states and the amount in controversy exceeds $75,000. Also, the Cause of Action arose in this district.

5.  This Court has personal jurisdiction over Defendant Nan Li because Defendant commits a tort which intends to cause injury within the California.

6.  The Venue in this judicial district is proper under 28 U.S.C. §1391 because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

7.  Plaintiff Jean Zheng ("Zheng") is an individual who resides in Los Angeles County, California.

8.  Plaintiff 101 Club Global, Inc. ("101 Club"), is a California corporation maintaining a principal place of business at 16839 Gale Ave., #212, City of Industry, CA 91745. Plaintiff Zheng is the owner and CEO of 101 Club.

9.  Defendant Nan Li ("Li") is an individual who resides in Okaloosa County, Florida, at 4121 Commons Drive., #2310, W. Dustin, FL 32541.

10. Plaintiff is informed and believes and thereon alleges that the true names and capacities, whether individual, corporate, associate or otherwise, of

Defendants Does 1 through 50, inclusive, are unknown to Plaintiff, and therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint to allege the true names, identities, and capacities of said Defendants when they have been ascertained.  Plaintiff is informed and believes, and thereon alleges, that said Defendants are responsible in some manner for the events alleged in this Complaint.

11.    At all times mentioned herein, Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants, and at all times mentioned herein, were acting within the scope of said agency and employment, with the consent and ratification of the other Defendants herein.  Plaintiff is informed and believes, and thereon alleges that each of the fictitious Defendants is responsible for, and has contributed to, the matters hereinafter related giving rise to the damage suffered by Plaintiff, and Plaintiff therefore alleges each and every cause of action hereinafter set forth against each such Defendant and asks that their identity, capacity and particulars of the activities of each such Defendant may be incorporated herein by appropriate amendment hereto.

## GENERAL ALLEGATIONS

12.    Plaintiffs and Defendant are competitor in the industry of wholesale of fashion products.  They typically serve their customers by supplying them with variety of major branded fashion products.

13.    Plaintiffs' primary customers are other retailers in California.  Those retailers purchase the fashion products from Plaintiff and export them to their consumers in China.  Substantial portion of Plaintiffs' customers have connection with Defendants and have access to Plaintiff's social media network and her social media chat group.

14.    Plaintiffs have worked in the industries for more than 5 years.  They have developed a reputation with many retailers who trust their products quality and pricing.

15. Plaintiffs have built a commercial and business reputation of honesty, transparency, reliability, and fairness.

16. On or about July 18, 2018, Defendant Li embarked on a campaign to destroy Plaintiffs' business reputations. Defendant Li targeted her effort at the retailers that are the primary customers and the lifeblood of Plaintiffs' business.

17. Defendant Li made written and oral false and misleading representations regarding the genuineness of the products Plaintiffs supplied. Specifically, Defendant Li posted a variety of articles on her social media network claiming "all the products taken from Plaintiffs 101 Club are not genuine". Defendant Li also actively forward the said false representations to the social media chat group which are joined by many Plaintiffs' customers or prospective customers and encouraged those customers to cease business dealings with Plaintiffs.

18. Defendant Li's remarks were made to prevent Plaintiffs' current customers and prospective customers from doing business with Plaintiff and further intended to give Defendant an unfair advantage in the market.

19. Defendants' false and misleading representations of fact were made in interstate commerce and have an effect on interstate commerce.

20. Defendants' false and misleading representations have damaged Plaintiffs' ability to generate business.

## FIRST CLAIM FOR RELIEF

(For False Advertising under 15 U.S.C. §1125(a) – Against All Defendants)

21. Plaintiff repeats, alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiffs and Defendant compete in the exporting and wholesale of fashion products business.

23. Plaintiffs have commercial interests in their commercial and business reputation.

24. Plaintiffs have established a business reputation of honesty, transparency, reliability, and good moral character in the industry with its customers, prospective customers, and retailers. Due to their reputation, Plaintiffs' customers trust Plaintiff's product and pricing.

25. Defendant has knowingly made false, misleading, and defamatory statements in commercial advertising and promotions that misrepresent and disparage the nature, characteristics, and qualities of Plaintiff's product, commercial activities, services, and reputation.

26. Defendants falsely and misleadingly represented to Plaintiff's customers, prospective customers and retailers that "all the products taken from Plaintiffs 101 Club are not genuine".

27. Defendants have made such false and misleading representations verbally and in writing; in both cases, the representations were made directly to Plaintiffs' customers, prospective customers, or by posting false articles at Internet.

28. Defendants' statements were sufficiently disseminated to customers and retailers within the industry so as to constitute advertising.

29. Defendant's false and misleading representations have misled, confused, and deceived customers, prospective customers and retailers as to Plaintiffs' commercial reputation. Further, these misrepresentations have the capacity to continue misleading, confusion, and deceiving Plaintiffs' customers, prospective customers, and retailers.

30. The false and misleading representations had a material effect on Plaintiff's customers, prospective customers, and retailers' decision to do business with Plaintiff because Plaintiffs are losing customers who relied on the Defendants' false representation and ceased business with Plaintiffs

31. Defendants have made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

32. Defendants are directing their false advertisements and disparaging misrepresentations to customers, prospective customers, and retailers in the industry in order to manipulate them into doing business with Defendants and ceasing all business with Plaintiff.

33. Plaintiffs' injuries fall within the zone of interest protected by the Lanham Act because Defendants' false advertising and disparaging misrepresentation have caused Plaintiff to suffer a loss of goodwill, a loss of sales, and damage to its commercial and business reputation.

34. The damage to Plaintiffs' economic and reputational injuries were directly caused by Defendants' false and misleading representations.

35. As a result of Defendants' false and misleading representations, Plaintiff has damaged in an amount to be determined at trial, but not less than $1,000,000.

## SECOND CLAIM FOR RELIEF

(For Unfair Competition under California Business and Professions Code §17500 – Against All Defendants)

36. Plaintiff repeats, alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

37. Defendants, as a market competitor of Plaintiff, engaged in deceptive conduct by disseminating false and misleading representations that Plaintiff "all the products taken from Plaintiffs 101 Club are not genuine".

38. Defendants' conduct caused consumer confusion because it had a material effect on Plaintiff's customers', prospective customers' and retailers' decisions to purchase products, services from Plaintiff or to do business with Plaintiff.

39. As a result of Defendants' unfair competition, Plaintiff has been damaged in an amount to be determined at trial, but not less than $1,000,000.

## THIRD CLAIM FOR RELIEF

(For Trade Libel – Against All Defendants)

40. Plaintiff repeats, alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

41. Defendants made false and misleading statements that would be clearly or necessarily understood to have disparaged the quality of Plaintiff's products and service.

42. Those false and misleading statements was made to Plaintiff's customers, prospective customers and retailers.

43. Such statements were not true.

44. Defendant knew that the statements were not true or acted with reckless disregard of the truth or falsity of the statements.

45. Defendants knew or should have recognized that Plaintiff's customers, prospective customers and retailers might act in reliance on the statement in making decision to purchase products, services from Plaintiff or to do business with Plaintiff.

46. Plaintiffs suffered direct financial harm because their customers, prospective customers, and retailers cease purchasing products or doing business with Plaintiffs in reliance of the statement.

47. Defendant's conduct was a substantial factor in causing Plaintiff's harm in an amount to be determined at trial, but not less than $1,000,000.

## FOURTH CLAIM FOR RELIEF

(For Defamation *Per Se* – Against All Defendants)

48. Plaintiff repeats, alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

49. Defendant published false statements in writing and orally to multiple customers, prospective customers, and retailers that "all the products taken from Plaintiffs 101 Club are not genuine".

50. Defendants' libelous writing and slanderous statements are defamation per se because when considered alone, they tend to subject Plaintiff to distrust, ridicule, contempt and disgrace, and are injurious to Plaintiffs' trade and professional reputations.

51. Defendants knew or should have known that the statements about Plaintiffs would cause severe damage to Plaintiffs' reputations, business opportunities, social relationships.

52. The false and defamatory statements were made by Defendant with actual malice because they either knew of their falsity or made the statements with reckless disregard of their truth or falsity.

53. In making the defamatory statements, Defendants acted intentionally, maliciously, willfully, and with the intent to injure Plaintiffs.

54. Plaintiffs have been harmed by the loss of the economic value in goodwill and Zheng' reputation that she had built over many years in the industry.

55. As a result of Defendants' defamatory statements, Plaintiffs have been damaged in an amount to be determined at trial, but not less than $1,000,000.

56. Defendants' conduct was unreasonable and outrageous and exceeds the bounds tolerated by decent society and was done willfully, maliciously, and deliberately to cause Zheng severe mental and emotional pain, distress, anguish, and loss of enjoyment of life, so as to also justify the award of punitive and exemplary damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

   a. Damages to the fullest extent permitted by law under the Lanham Act;

   b. Corrective advertising under the Lanham Act in which Defendants must communicate to Plaintiffs' customers and retailers that Plaintiffs did not sell products that are not genuine and the referenced representation was falsely made;

c. Damages to the fullest extent permitted by law for Defendants' unfair competition and defamation, but not less than $1,000,000;

d. Punitive damages based on the willful, wanton, and intentional nature of Defendants' conduct and defamation *per se*;

e. Pre-judgment and post-judgment interest;

f. An award of attorneys' fees and costs of the action; and

g. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all claims.

Dated: September 28, 2018         LAW OFFICES OF STEVE QI & ASSOCIATES

/s/ Thomas Zhou_____
Steve Qi, Esq.
Thomas Z. Zhou, Esq.
Attorneys for Plaintiff Jean Zheng and
101 Club Global, Inc.